IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCO B. ORR, # 431906,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00142-MJR |
| ) | |
| **MEARL J. JUSTUS,** ) | |
| **ST. CLAIR COUNTY SHERIFF'S DEPT.,** ) | |
| **and CITY OF BELLEVILLE, ILLINOIS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Marco B. Orr is a pretrial detainee being held in the St. Clair County Jail. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A.

Plaintiff claims he suffered an epileptic seizure on June 21, 2012, causing him to fall and hit his head. Medical staff took so long to render assistance that Plaintiff urinated on himself. When he was finally taken to the jail infirmary he had a second seizure. Dr. Shah, the

jail's only on-site physician, witnessed the second seizure but declared that it was time for him to leave work and departed the facility, rather than so much as instruct nurses how to treat Plaintiff. In the days that followed, the medical staff refused to send Plaintiff to an outside physician, and nurses appeared to not know what they were doing. For example, nurses prematurely drew blood, only to have to repeat the blood draw later. After Plaintiff slept on the floor of the infirmary for five days, Dr. Shah ordered that Plaintiff be discharged, without ensuring that Plaintiff was medically fit to return to his cellblock. Plaintiff has sued the St. Clair County Sheriff, the Sheriff's Department, and the City of Belleville (where the jail is located). He contends the defendants are liable as "principals" for all County Jail employees, as well as for "negligent supervision" and a failure to adequately train employees.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A.

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined any jail, prison or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also*

*Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). By its very terms, Section 1997e(a) is applicable to county jails. *See also Brengettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005) (applying the exhaustion requirement to a county jail inmate).

Plaintiff mistakenly asserts that he does not have to comply with the jail's grievance procedures because he is not in an "institution" and his complaint does not pertain to an "institutional procedure" (Doc. 1, p. 4). Exhaustion of administrative remedies pursuant to the Prison Litigation Reform Act is required for all detainee suits seeking redress for jail circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle,* 534 U.S. 516 (2002). Under Section 1997e(a), a suit brought with respect to jail conditions must be dismissed if it is determined that administrative remedies have not been exhausted. *See Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532 (7th Cir. 1999). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. See *Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004); *Perez,* 182 F.3d at 536–537.

Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies. Consequently, Plaintiff has not met the preconditions for filing suit and this action must be dismissed.

**IT IS HEREBY ORDERED**, for the reasons stated, Plaintiff Orr's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is also **ADVISED** that he is under a continuing obligation to keep the Clerk informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 5, 2013**

                s/ *Michael J. Reagan*
                **MICHAEL J. REAGAN**
                **UNITED STATES DISTRICT JUDGE**